No. 16-3244

---

**THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

---

In re Donald Wayne Bush, et al.,

Debtors-Appellants

---

United States of America,

Creditor-Appellee,

v.

Donald Wayne Bush, et al.,

Debtors-Appellants

---

Appeal from the United States District Court
For the Southern District of Indiana
Case No: 1:15-cv-1318
The Honorable Judge William T. Lawrence

---

**PETITION FOR REHEARING EN BANC
BY DEBTORS-APPELLANTS
DONALD WAYNE BUSH AND KIMBERLY ANN BUSH**

---

Eugene R. Wedoff
144 N. Elmwood Ave.
Oak Park, IL 60302
Phone: 312-285-5849
erwedoff@me.com

CAMDEN & MERIDEW, P.C.
Julie A. Camden
10412 Allisonville Road, Suite 200
Fishers, IN 46038
Phone: 317-770-0000
Fax: 888-339-9611
jc@camlawyers.com

*Attorneys for Debtors-Appellants
Donald Wayne Bush and Kimberly Ann Bush*

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: **16-3244**

Short Caption: **In re Bush (United States v. Bust)**

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

> **[ ]    PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

**Donald Wayne Bush**

**Kimberly Ann Bush**

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

**Camden & Meridew, P.C.**

(3) If the party or amicus is a corporation:

   i) Identify all its parent corporations, if any; and

   **N/A**

   ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

   **N/A**

---

Attorney's Signature: **s/ Eugene R. Wedoff**          Date: **October 4, 2019**

Attorney's Printed Name: **Eugene R. Wedoff**

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes **X**   No _____

Address: **144 N. Elmwood Ave.**

**Oak Park, IL**

Phone Number: **312-285-5849**          Fax Number: **N/A**

E-Mail Address: **erwedoff@me.com**

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: __16-3244__

Short Caption: __In re Bush (United States v. Bush)__

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

   **[  ]      PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

   Donald Wayne Bush

   Kimberly Ann Bush

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

   Camden & Meridew, P.C.

(3)  If the party or amicus is a corporation:

   i)  Identify all its parent corporations, if any; and

      N/A

   ii)  list any publicly held company that owns 10% or more of the party's or amicus' stock:

      N/A

Attorney's Signature: __s/  Julie A. Camden__                    Date: __October 4, 2019__

Attorney's Printed Name: __Julie A. Camden__

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  **Yes** _____   **No** __X__

Address: __10412 Allisonville Road, Suite 200__

__Fishers, IN 46038__

Phone Number: __317-770-0000__                    Fax Number: __888-339-9611__

E-Mail Address: __jc@camlawyers.com__

rev. 01/15 GA

# Table of Contents

Table of Authorities ...................................................................................ii

Reason for Rehearing En Banc .............................................................. 1

Procedural Background ............................................................................ 1

Argument ................................................................................................. 3

       In ordering the bankruptcy court to abstain from deciding a proceeding that was within its jurisdiction, this Court ruled on a matter that the parties had not presented or briefed, and it acted outside of its own jurisdiction, in violation of the express prohibition of 28 U.S.C. § 1334(d). ..... 3

    1.  Circuit courts are prohibited from hearing any appeal of a bankruptcy court's exercise of discretion regarding abstention....................... 4

    2.  This Court had no original jurisdiction to order abstention under § 1334(c)(1). ..................................................................................... 6

    3.  The issue of abstention remains in dispute ............................... 7

Conclusion ............................................................................................... 9

Certificate of Compliance ..................................................................... 10

Certificate of Service ............................................................................ 10

Decision of the Court ........................................................................... A1

# Table of Authorities

## Cases

*Allied Chemical Corp. v. Daiflon, Inc.*,
   449 U.S. 33, 101 S. Ct. 188 (1980) ........................................................................ 7

*Baginsky v. United States*,
   697 F.2d 1070 (Fed. Cir. 1983) ......................................................................... 6

*Baker v. Simpson*,
   613 F.3d 346 (2d Cir. 2010) ............................................................................. 5

*Bricker v. Martin (In re Bricker)*,
   265 F. App'x 141 (3d Cir. 2008) ....................................................................... 5

*Commercial Security Bank v. Walker Bank & Trust Co.*,
   456 F.2d 1352 (10th Cir. 1972) ........................................................................ 6

*Fullman v. Potter*,
   418 F. App'x 75 (3d Cir. 2011) ......................................................................... 6

*Hall v. North American Mortgage Co. (In re Hall)*,
   2013 Bankr. LEXIS 2974 (B.A.P. 10th Cir. 2013) ....................................... 4, 5

*Hullom v. Ziel*,
   266 F.2d 546 (6th Cir. 1959) ............................................................................ 6

*In re Chicago, Milwaukee, St. Paul & Pacific R.R.*,
   6 F.3d 1184 (7th Cir. 1993) ........................................................................... 5, 8

*In re Eastport Associates*,
   935 F.2d 1071 (9th Cir. 1991) .......................................................................... 5

*In re Pan American Corp.*,
   950 F.2d 839 (2d Cir. 1991) ............................................................................. 5

*In re United States Brass Corp.*,
   110 F.3d 1261 (7th Cir. 1997) .......................................................................... 5

*Lee v. Anasti (In re Lee)*,
   461 F. App'x 227 (4th Cir. 2012) ...................................................................... 5

*Roche v. Evaporated Milk Ass'n*,
   319 U.S. 21, 63 S. Ct. 938 (1943) .................................................................... 6

*Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*,
   163 F.3d 925 (5th Cir. 1999) ............................................................................ 5

*Strong v. West United Life Assur. Co. (In re Tri-Valley Distributing, Inc.)*,
   533 F.3d 1209, 1216-17 (10th Cir. 2008) ......................................................... 5

*United States ex rel. Wisconsin v. First Federal Savings & Loan Ass'n*,
   248 F.2d 804 (7th Cir. 1957) ................................................................. 7

*United States v. Mayer*,
   235 U.S. 55, 35 S. Ct. 16 (1914) .......................................................... 6

## Statutes

11 U.S.C. § 157 ............................................................................................. 4

11 U.S.C. § 505(a) ...................................................................................... 1

28 U.S.C. § 1334 ............................................................................... 1, 4, 6

28 U.S.C. § 1334(c)(1) ............................................................................ 4, 5

28 U.S.C. § 1334(c)(2) ................................................................................ 4

28 U.S.C. § 1334(d) ............................................................................... 1-5

## Other

1 Collier on Bankruptcy ¶ 3.05 (16th ed. 2019) ................................. 4

## Reason for Rehearing En Banc

This petition for rehearing presents an important issue regarding the jurisdiction of the Court of Appeals to determine a question of bankruptcy abstention under 28 U.S.C. § 1334. Although § 1334(d) expressly prohibits circuit courts from ruling on bankruptcy abstention, the Court's decision in this case did so, without any discussion of its jurisdictional basis. Rehearing would allow the Court to correct this error and provide proper guidance for the treatment of abstention issues under § 1334(d).

## Procedural Background

This petition is filed on behalf of Donald and Kimberly Bush, debtors in a Chapter 7 bankruptcy case—filed in 2014—who have been involved in a dispute with the Internal Revenue Service over an allegedly fraudulent tax return. In their bankruptcy case, the Bushes filed an adversary proceeding to determine whether a tax penalty imposed on them by the IRS was excepted from their bankruptcy discharge. They also filed a motion under 11 U.S.C. § 505(a) to determine whether their tax return was fraudulent. Before their bankruptcy filing, the Bushes had filed a petition in the Tax Court, raising that issue of liability, but the petition was stayed because of the bankruptcy filing. From the beginning of the bankruptcy case, the Bushes sought to have the tax dispute adjudicated in the Bankruptcy Court, while the Government argued for Tax Court adjudication. Ultimately, the Bankruptcy Court ruled both that it had jurisdiction over the tax dispute and that it

should not abstain from exercising that jurisdiction (Short Appendix, A18-A19, A25-A28); it set a trial on the fraud question for November 2015 (*Id.,* A10-A11).

Before the proceeding could be tried, the Government filed an interlocutory appeal with the District Court, raising both of the issues—jurisdiction and abstention—decided by the Bankruptcy Court. The Bushes and the Government each addressed abstention at length in their District Court briefs. Dist. Ct. Docket Nos. 14, 15, 17. The District Court decided the appeal by reversing the Bankruptcy Court's decision. Order of August 12, 2016; Short Appendix, A1. The ruling, however, was limited to holding that the Bankruptcy Court lacked jurisdiction over the tax dispute; the District Court made no ruling on abstention. Entry on Judicial Review, Short App., A2.

The Bushes filed the present appeal seeking reversal of the District Court's decision, addressing only the issue of jurisdiction. Their brief in this Court (Doc. 23 at 7-8) mentioned that the Government had sought abstention, but because the District Court had not ruled on that issue, the brief made no abstention argument. The Government's brief, similarly did not ask this Court to reverse the Bankruptcy Court's ruling on abstention, but only asked the Court, if it found bankruptcy jurisdiction, to remand the case to the District Court for a ruling on abstention. Doc. 29 at 52-55. The Government pointed out that, under 28 U.S.C. § 1334(d), "[a] decision to deny or grant permissive abstention 'is not reviewable by appeal or otherwise by the court of appeals.'" *Id.* at 53.

2

In treating the issue of the Bankruptcy Court's jurisdiction, this Court ruled in the Bushes' favor, holding that the Bankruptcy Court did have jurisdiction to decide the tax dispute. Opinion (appended to this petition) at A10. However, it went on to address abstention, and concluded its opinion with a direction to the lower courts:

> [A]lthough the bankruptcy judge was right to hold that he had authority to resolve the tax dispute while the Bushes' bankruptcy was ongoing, the exercise of that authority is no longer appropriate. We vacate the district judge's decision, based as it was on an erroneous jurisdictional view, and remand with instructions to remand to the bankruptcy judge for the entry of an order under §1334(c)(1), which will mark the final step in the Bushes' bankruptcy proceedings.

Opinion at 11.

## Argument

**In ordering the bankruptcy court to abstain from deciding a proceeding that was within its jurisdiction, this Court ruled on a matter that the parties had not presented or briefed, and it acted outside of its own jurisdiction, in violation of the express prohibition of 28 U.S.C. § 1334(d).**

This appeal, as both the Bushes' and the Government's briefs reflect, raised only one issue—whether the Bankruptcy Court had jurisdiction to decide the Bushes' liability for an allegedly fraudulent tax return. This Court decided that issue, confirming the Bankruptcy Court's jurisdiction, but then—though the issue had not been briefed or argued in this appeal—directed that the Bankruptcy Court abstain from exercising its jurisdiction. This direction was improper and should be removed from the Court's decision. Whether the direction to abstain was a review of the Bankruptcy Court's order denying abstention or a new ruling on abstention, this Court had no jurisdiction to enter it.

**1. Courts of Appeal are prohibited from hearing any appeal of a bank-ruptcy court's exercise of discretion regarding abstention.**

The general bankruptcy jurisdiction of the federal courts is set out in 28 U.S.C. § 1334. This jurisdiction is granted to the district courts, which, under 28 U.S.C. § 157, may allow the bankruptcy judges of their districts to exercise it.

Section 1334 includes two provisions regarding abstention. For most bank-ruptcy matters, the court presiding over a bankruptcy case is given discretion to ab-stain in favor of another tribunal "in the interest of justice, or in the interest of com-ity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). However, un-der a second provision, abstention for certain state law causes of action is manda-tory. 28 U.S.C. § 1334(c)(2). Because the tax dispute in this case involves exclu-sively federal law issues, only discretionary abstention under paragraph (c)(1) is in-volved.

A bankruptcy judge's decision on discretionary abstention may be appealed to a district court or bankruptcy appellate panel, *see e.g.*, *Hall v. North American Mortgage Co. (In re Hall)*, 2013 Bankr. LEXIS 2974, at *6 (B.A.P. 10th Cir. 2013); 1 Collier on Bankruptcy ¶ 3.05 (16th ed. 2019). However, § 1334(d) prohibits further appeal:

> Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in sub-section (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Su-preme Court of the United States under section 1254 of this title.

Given this limitation on their jurisdiction, the circuit courts have universally held that they may not consider appeals of discretionary abstention matters. *See,*

*e.g., Baker v. Simpson*, 613 F.3d 346, 352 (2d Cir. 2010) ("Unlike decisions concerning mandatory abstention, decisions on permissive abstention, which lie within the discretion of the bankruptcy court, are not subject to review by the court of appeals."); *Bricker v. Martin (In re Bricker)*, 265 F. App'x 141, 141 (3d Cir. 2008) ("[W]e do not have jurisdiction to examine the District Court's review of the Bankruptcy Court's abstention."); *Lee v. Anasti (In re Lee)*, 461 F. App'x 227, 238 (4th Cir. 2012) (adopting the holding and language of *Baker*); *Strong v. West United Life Assurance Co. (In re Tri-Valley Distributing, Inc.)*, 533 F.3d 1209, 1216-17 (10th Cir. 2008) ("In light of § 1334(d) we lack jurisdiction to review the merits of the § 1334(c)(1) abstention issue.").

Section 1334(d), then, prohibited this Court from ruling on the merits of the Bankruptcy Court's decision not to abstain, regardless of whether that decision would otherwise have been before the Court. As requested by the Government, this appeal should be remanded to the District Court for a decision on the Bankruptcy Court's abstention ruling.[1]

---

[1] In its brief before this Court, the Government contended that the standard of review in the District Court should be de novo. That is not correct. As an exercise of discretion, the ruling of the Bankruptcy Court should be reviewed for abuse of discretion. *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997) ("The decision to abstain under 28 U.S.C. § 1334(c)(1) . . . is reviewable only for an abuse of discretion. *In re Chicago, Milwaukee, St. Paul & Pacific R.R.*, 6 F.3d 1184, 1188 (7th Cir. 1993); *In re Pan American Corp.*, 950 F.2d 839, 844 (2d Cir. 1991); *In re Eastport Associates,* 935 F.2d 1071, 1075 (9th Cir. 1991)."). *Accord, Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 929 (5th Cir. 1999); *Hall v. North American Mortgage Co. (In re Hall)*, 2013 Bankr. LEXIS 2974 at *6 (B.A.P. 10th Cir. 2013). The question of the standard of review should, however, would be decided by the District Court, and this Court should not, as the Government requested, include a ruling on the standard in its remand order.

2. **The Court had no original jurisdiction to order abstention under § 1334(c)(1).**

It is likely that this Court's abstention direction was not intended to decide an appeal of the Bankruptcy Court's ruling, since the direction is based on the status of the case at the present time rather than at the time of the Bankruptcy Court's ruling on abstention.   Rather, the Court appears to have raised and decided a new abstention issue.  Again, though, the Court had no jurisdiction to do so.

Circuit courts, of course, have no original bankruptcy jurisdiction; 28 U.S.C. § 1334 accords that jurisdiction only to district courts.  Indeed, apart from extraordinary writs, the entire jurisdiction of the circuit courts is "exclusively appellate." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25, 63 S. Ct. 938, 941 (1943); *United States v. Mayer*, 235 U.S. 55, 65, 35 S. Ct. 16, 18 (1914); *Fullman v. Potter*, 418 F. App'x 75, 77 (3d Cir. 2011); *Baginsky v. United States*, 697 F.2d 1070, 1077 (Fed. Cir. 1983); *Hullom v. Ziel*, 266 F.2d 546, 547 (6th Cir. 1959).

And even extraordinary writs, as authorized by the All Writs Act, may only be used by courts "in aid of their respective jurisdictions."  28 U.S.C. § 1651. *Roche,* 235 U.S. at 25, 63 S. Ct. at 941 ("As the jurisdiction of the circuit court of appeals is exclusively appellate, its authority to issue writs of mandamus is restricted by statute to those cases in which the writ is in aid of that jurisdiction."); *Commercial Security Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972) ("Section 1651(a) does not operate to confer jurisdiction; . . . § 1651(a) is rather only an incident of jurisdiction.   An order may issue pursuant to this statute to preserve

jurisdiction already lawfully acquired, but a court may not, by said order, acquire jurisdiction over an individual or property not otherwise subject to its jurisdiction."); *United States ex rel. Wisconsin v. First Federal Savings & Loan Ass'n*, 248 F.2d 804, 808-09 (7th Cir. 1957) ([Section 1651] does not enlarge or expand the jurisdiction of the courts but merely confers ancillary jurisdiction where jurisdiction is otherwise granted and already lodged in the court. [Citations omitted.] The statute presupposes existing complete jurisdiction and does not contain a new grant of judicial power.").

This Court, then, had no original bankruptcy jurisdiction under § 1334 to order abstention, and could not expand its jurisdiction through any extraordinary writ.[2]

### 3. The issue of abstention remains in dispute.

The Court's direction to abstain is based on the fact that, during the extended time that this appeal was pending (30 months after oral argument), the Bushes' bankruptcy estate was fully administered, leaving only their tax liability as an open item. The Court's opinion states that, under this situation, "[t]here is no reason why this residual dispute about tax penalties should stick with the bankruptcy

---

[2] Even if the Court did have jurisdiction to issue a writ of mandamus to the lower courts, mandamus would not have been appropriate. The writ may properly be issued only when the party benefitting from it would otherwise have no adequate means of obtaining a judicial determination of its right to relief. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S. Ct. 188, 190 (1980). Here, the Government may obtain relief by bringing a new motion for abstention before the Bankruptcy Court, subject to appeal. Its rights would be fully protected without mandamus.

judge, who otherwise is done with the case, rather than the specialist judges in the Tax Court."  Opinion at 11.

However, there is good reason why the bankruptcy judge who presided over their case should remain authorized to decide the issue of their tax liability.  As at the time he originally ruled on abstention, the bankruptcy judge is likely to be able to determine the issue more quickly than the tax court; he is already familiar with the Bushes' general financial situation at the time of their tax filing; and the matter in dispute—whether the Bushes acted fraudulently—is one that involves no complex analysis of tax law but simply basic fact findings that bankruptcy judges make on a regular basis, since questions of fraud arise frequently in bankruptcy cases.

There are many factors that a court should take into consideration in determining whether to abstain under § 1334(c)(1). *In re Chicago, Milwaukee, St. Paul & Pacific Railroad Co.,* 6 F.3d 1184, 1189 (7th Cir. 1993), lists eleven of them.  And while the status of the bankruptcy case may be a factor relevant to a determination of abstention, the Court in *Chicago Milwaukee* held advised courts to "apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative."  In any new determination of abstention, then, the Bankruptcy Court should be allowed to make that determination using its own discretion, subject to appeal to the District Court.

**Conclusion**

Debtors-Appellants Donald Wayne Bush and Kimberly Ann Bush respectfully request that this Court grant rehearing, remove from its decision the discussion of abstention, and remand this case to the District Court for a ruling on that issue, with no direction regarding its ruling on any renewed request for abstention.

Respectfully submitted,

By: /s/ Eugene R. Wedoff
    Attorney for Debtors-Appellants

Eugene R. Wedoff
144 N. Elmwood Ave.
Oak Park, IL 60302
Phone: (312) 285-5849

CAMDEN & MERIDEW, P.C.
Julie A. Camden
10412 Allisonville Road, Suite 200 Fishers, IN 46038
Phone: 317-770-0000
Fax: (888) 339-9611
jc@camlawyers.com

Dated: October 4, 2019

**Certificate of Compliance**

I certify that this petition complies with the type-volume limitation set forth in FRAP 40(b)(1). The petition contains 2,044 words.  It has been prepared in a proportionally spaced typeface using Microsoft Word with a 12-point Century Schoolbook font.

/s/ Eugene R. Wedoff
Eugene R. Wedoff

**Certificate of Service**

I hereby certify that on October 4, 2019, I electronically filed the foregoing Petition for Rehearing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Eugene R. Wedoff
Eugene R. Wedoff

In the

# United States Court of Appeals

### For the Seventh Circuit

_____

No. 16-3244

DONALD WAYNE BUSH and KIMBERLY ANN BUSH,

*Plaintiffs-Appellants,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:15-cv-1318-WTL-DKL — **William T. Lawrence**, *Judge.*

_____

ARGUED MAY 22, 2017 — DECIDED SEPTEMBER 20, 2019

_____

Before FLAUM, EASTERBROOK, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* This appeal presents the
question whether a bankruptcy court can determine the
amount of a debtor's tax obligations, when the debtor is un-
likely to pay them. Bankruptcy Judge Carr answered yes and
scheduled a trial on the merits, 2015 Bankr. LEXIS 4494
(Bankr. S.D. Ind. July 7, 2015), but a district judge disagreed.
2016 U.S. Dist. LEXIS 106671 (S.D. Ind. Aug. 12, 2016). The in-
terlocutory appeal to the district judge was authorized by 28

U.S.C. §158(a)(3). Because the district judge blocked further proceedings in the bankruptcy court, his decision is final and appealable to us under 28 U.S.C. §1291, for, outside of bankruptcy, tax obligations are stand-alone matters independently appealable. See *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015). See also *In re Anderson*, 917 F.3d 566 (7th Cir. 2019).

The dispute began in 2013 when the Internal Revenue Service demanded that Donald and Kimberly Bush pay $107,000 in taxes, plus $80,000 in fraud penalties, for tax years 2009, 2010, and 2011. (We round all figures to the nearest thousand.) The Bushes petitioned the Tax Court for review. By the time trial was imminent the parties had stipulated that the Bushes owed $100,000 in taxes, but penalties remained in dispute: the IRS sought a 75% fraud penalty under 26 U.S.C. §6663(a), while the Bushes proposed a 20% negligence penalty under 26 U.S.C. §6662(a). On the date set for trial, the Bushes filed for bankruptcy, and the automatic stay prevented the Tax Court from proceeding. The bankruptcy court declined to lift the stay. The United States did not appeal but did file a proof of claim seeking taxes and penalties. It also proposed that the tax debt be given priority over the Bushes' other unsecured debts, while the penalty (whatever its ultimate amount) be determined to be nondischargeable under 11 U.S.C. §523(a)(7). The Bushes then initiated an adversary proceeding, asking the bankruptcy court to set the penalty at 20% of their unpaid taxes.

The Bushes pointed the bankruptcy court to 11 U.S.C. §505(a)(1), which reads:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or

> penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

The United States concedes that paragraph (2) does not apply to its dispute with the Bushes. But it argues that §505 as a whole does not grant subject-matter jurisdiction to bankruptcy judges and that only a potential effect on creditors' distributions justifies a decision by a bankruptcy judge about any tax dispute. The Bushes insisted that §505 does supply jurisdiction, a view that the bankruptcy judge accepted and the district judge did not. The parties' briefs in this court continue the debate about the "jurisdictional" nature of §505.

This is unfortunate, though we grant that other circuits writing about §505 have used a "jurisdictional" characterization. See, e.g., *In re Luongo*, 259 F.3d 323, 328 (5th Cir. 2001) (calling §505 a "broad grant of jurisdiction"); *In re Custom Distribution Services, Inc.*, 224 F.3d 235, 239–40 (3d Cir. 2000) ("We have consistently interpreted §505(a) as a jurisdictional statute"). But we do not see what §505 has to do with jurisdiction, a word it does not use. Section 505 simply sets out a task for bankruptcy judges. Almost the entirety of the Bankruptcy Code prescribes tasks for bankruptcy judges. For example, §503 tells bankruptcy judges how to determine administrative expenses, and §547 provides for resolution of trustees' preference-recovery actions. Those and other sections in the Code are unrelated to jurisdiction, just as few of the many thousand substantive rules in the United States Code as a whole concern jurisdiction.

The Supreme Court insists that judges distinguish procedural and substantive rules from jurisdictional ones. See, e.g., *Fort Bend v. Davis*, 139 S. Ct. 1843 (2019); *United States v.*

*Kwai Fun Wong*, 135 S. Ct. 1625 (2015); *Gonzalez v. Thaler*, 565 U.S. 134 (2012). The rule in §505 is on the non-jurisdictional side. The Justices have acknowledged that in earlier years they used the word "jurisdiction" loosely, and our colleagues in other circuits may have been influenced by that old usage when calling §505 "jurisdictional." But the Supreme Court has restricted the category of laws that can be called jurisdictional, and we must follow its current understanding of that term.

Most genuine jurisdictional rules appear in Title 28, the Judicial Code, and that's true of bankruptcy too. The Bankruptcy Code itself tells us this. Section 105(c) reads: "The ability of any district judge or other officer or employee of a district court to exercise any of the authority or responsibilities conferred upon the court under this title shall be determined by reference to the provisions relating to such judge, officer, or employee set forth in title 28." Bankruptcy judges act as officers of the district courts, see 28 U.S.C. §157(a), so §105(c) means that bankruptcy jurisdiction depends on Title 28. See also *Wellness International Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1939 (2015).

And Title 28 addresses bankruptcy jurisdiction in detail:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(d) Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—

(1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and

(2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

28 U.S.C. §1334. Other grants of jurisdiction also may apply. A provision allowing district courts to resolve certain tax disputes, 28 U.S.C. §1346(a)(1), comes to mind. But the par-

ties disregard it, and so shall we. The Bushes, as the proponents of jurisdiction, are entitled to choose which grants they rely on.

The United States protests that sovereign immunity negates any jurisdiction based on §1334, but 11 U.S.C. §106(a)(1) waives that defense for subjects within §505. What is more, we have held that sovereign immunity does not affect subject-matter jurisdiction. See *United States v. Cook County*, 167 F.3d 381 (7th Cir. 1999).

Section 1334 creates jurisdiction for three potentially relevant categories of disputes: those "arising in" bankruptcy litigation, those "arising under" the Bankruptcy Code, and those "related to" the resolution of the bankruptcy proceeding. The Bushes rely on all three; the United States contends that none applies. We take them in order.

A dispute "arises in" bankruptcy if it concerns a matter that is exclusive to bankruptcy law and practice. See *In re Repository Technologies, Inc.*, 601 F.3d 710, 719 (7th Cir. 2010). A proceeding to determine taxes and penalties does not arise in bankruptcy in this sense. As we have mentioned, it was set for trial in the Tax Court until the Bushes filed their petition under Title 11. Most tax disputes are resolved outside of bankruptcy. The requirements of "arises in" jurisdiction have not been satisfied.

A dispute "arises under" the Bankruptcy Code when it presents a substantive question of bankruptcy law. See, e.g., *Barnett v. Stern*, 909 F.2d 973, 981 (7th Cir. 1990). This tax dispute's substance depends on the Internal Revenue Code, not the Bankruptcy Code, so the "arising under" grant of jurisdiction is unavailable.

What remains is the "related to" jurisdiction in the second clause of §1334(b), which is how most non-bankruptcy issues, such as tort and contract disputes, come within a bankruptcy judge's powers. The Bushes contend that if this jurisdiction permits a bankruptcy judge to resolve a contract dispute, it also permits a bankruptcy judge to resolve a tax dispute.

Language in *In re Collazo*, 817 F.3d 1047, 1053 (7th Cir. 2016), suggesting that entry of a money judgment following the conclusion of a bankruptcy always is "related to" that bankruptcy for the purpose of §1334(b), is unreasoned and has the quality of a drive-by ruling, subject to ready reexamination. See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 91 (1998). We do not think that the unreasoned language of *Collazo* can be given effect, particularly in light of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), and *Stern v. Marshall*, 564 U.S. 462 (2011), which observe that the permissible authority of judges (including bankruptcy judges) who lack life tenure is limited.

The difficulties in allocating authority between Article I and Article III tribunals, and between federal and state courts, when a dispute is "related to" bankruptcy but not part of it, need not concern us today, however. After all, disputes about the financial demands of the Internal Revenue Service always are resolved by federal rather than state tribunals—and the alternative to resolution by a bankruptcy judge serving under Article I is resolution by a judge of the Tax Court serving under Article I. Whether the bankruptcy judge or the Tax Court judge makes the initial decision, the disposition is subject to review by one or more judges serving under Article III. The constitutional and prudential con-

cerns that have led to limits on the "related to" jurisdiction for state-law disputes are not salient to federal tax disputes.

The United States does not contend that resolution of tax disputes is *never* "related to" a bankruptcy. Instead it maintains that the tax dispute is not related to *this* bankruptcy, because the disposition will not affect other creditors' entitlements. It points to *In re FedPak Systems, Inc.*, 80 F.3d 207, 213–14 (7th Cir. 1996), which states that a dispute is "related to" bankruptcy when resolution "affects the amount of property for distribution [to creditors] or the allocation of property among creditors." See also, e.g., *In re Kubly*, 818 F.2d 643 (7th Cir. 1987); *In re Xonics, Inc.*, 813 F.2d 127 (7th Cir. 1987). That condition is not met here, the United States maintains, because other creditors' claims exceed the Bushes' assets. The existence of insufficient assets would not by itself be enough to demonstrate the lack of a relation, for the size of any one debt may affect the allocation among creditors. But tax debts are subordinated to many other claims, so determining taxes and penalties has no effect here.

This line of argument suggests that the statement in *FedPak* needs a qualification. If the related-to jurisdiction really depends on how things look at the end of the bankruptcy—if jurisdiction turns, for example, on how many other claims are made—then authority cannot be determined at the time of filing. Yet one of the most fundamental rules of federal jurisdiction is that judicial authority depends on the state of affairs when a case begins (equivalently, when a claim is filed in bankruptcy) rather than on how things turn out. See, e.g., *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004); *Freeport-McMoRan Inc. v. K N Energy, Inc.*, 498 U.S. 426 (1991); *Louisville, New Albany & Chicago Ry. v. Louis-*

*ville Trust Co.*, 174 U.S. 552, 566 (1899); *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539–40 (1824); *Gardynski-Leschuk v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998). And when the Bushes filed their motion under §505, just two months into their bankruptcy, only three creditors' claims had been filed against them. It does not appear—more importantly, the United States does not contend—that on the date the Bushes asked the bankruptcy judge to determine their tax liabilities, a decision could not have affected the allocation of assets among the creditors with outstanding claims.

Instead of asking us to evaluate the potential effect of the tax debt near the start of the bankruptcy, the United States draws our attention to the fact that many creditors had filed claims against the Bushes by the time the bankruptcy judge proposed to resolve the tax dispute. By *then* it seemed unlikely that the amount the Bushes owe in taxes and penalties would affect other creditors. But taking that *ex post* view would contradict the norm that jurisdictional issues must be resolved *ex ante*, not in light of how things turn out.

The Supreme Court's most recent engagement with the related-to jurisdiction favorably quoted a rule, which it attributed to nine courts of appeals, that a matter comes within the related-to jurisdiction if it "could conceivably have any effect on the estate being administered in bankruptcy". *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1996). That's an *ex ante* inquiry and avoids making a jurisdictional decision only after the merits have been resolved and the effect can be known with certainty. Under this approach, the §505 motion is within the related-to jurisdiction because it might well have mattered if no further creditors had made claims.

*Celotex* said that our circuit uses a "slightly different test" and pointed to *Xonics* and *Home Insurance Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746 (7th Cir. 1989). *Xonics* dealt with a different problem: whether the related-to jurisdiction follows an asset after it leaves the estate. We held that it does not: that an asset's chain of title includes a trip through bankruptcy does not make the asset a ward of the bankruptcy court forever. *Xonics* does, however, contain the phrase "affects the amount of property available for distribution or the allocation of property among creditors". 813 F.2d at 131. *Home Insurance* quoted this language, which also is the genesis of the statement in *FedPak*.

None of our decisions addresses the distinction between *ex ante* and *ex post* perspectives. None considers the potential difference between demanding an actual effect at the case's end and a potential effect when the claim is filed. The nine circuits that *have* addressed that subject unanimously conclude that the *ex ante* perspective is the right one. We agree. This does not imply an overruling or even a modification of circuit precedent; instead we address an issue that the circuit has not previously considered and align this circuit with the view widely held by our colleagues elsewhere: the related-to jurisdiction must be assessed at the outset of the dispute, and it is satisfied when the resolution has a potential effect on other creditors. It follows that the bankruptcy court has subject-matter jurisdiction over this tax dispute.

Although the bankruptcy judge has the authority to decide how much the Bushes owe in tax penalties, whether the judge should exercise that authority is a distinct question. When the bankruptcy began, the tax dispute was on the verge of trial in the Tax Court. Only the automatic stay im-

posed by 11 U.S.C. §362 blocked that trial. The bankruptcy appears to be over—at least the parties have not suggested that anything remains to be done. The estate's available assets have been used to pay debts; most unpaid debts (though not the debt for 2011 tax penalties) have been discharged; the automatic stay has lapsed by its own terms; the Trustee's final report was filed on February 22, 2019. There is no reason why this residual dispute about tax penalties should stick with the bankruptcy judge, who otherwise is done with the case, rather than the specialist judges in the Tax Court. Congress has authorized district courts to relinquish jurisdiction of bankruptcy disputes "in the interest of justice", 28 U.S.C. §1334(c)(1), and that description fits the Bushes' situation. Today the tax dispute stands in the same posture as if the Bushes had never filed for bankruptcy, and the appropriate forum for its resolution is the Tax Court.

So although the bankruptcy judge was right to hold that he had authority to resolve the tax dispute while the Bushes' bankruptcy was ongoing, the exercise of that authority is no longer appropriate. We vacate the district judge's decision, based as it was on an erroneous jurisdictional view, and remand with instructions to remand to the bankruptcy judge for the entry of an order under §1334(c)(1), which will mark the final step in the Bushes' bankruptcy proceedings.